UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**GARY RICHMOND and**
**ANNA RICHMOND,**

      **Plaintiffs,**

**v.**

**MERRICK BANK CORPORATION,**

      **Defendant.**

CASE NO.    5:12-0193

**(Removed from the Circuit Court**
**of Raleigh County, Case No.**
**11-C-994-B)**

**NOTICE OF REMOVAL**

Defendant Merrick Bank Corporation ("Merrick Bank"), by counsel Christopher J. Sears,

Jason Wandling, and Shuman, McCuskey & Slicer, PLLC, pursuant to 28 U.S.C. §§ 1331, 1332,

1441, and 1446, files this Notice of Removal from the Circuit Court of Raleigh County, West

Virginia to the United States District Court for the Southern District of West Virginia.  In support

of this Notice of Removal, based upon federal question and diversity jurisdiction, the Defendant

submits the following.

**I.  PLAINTIFF'S COMPLAINT**

On or about 10 November 2011, Plaintiffs filed this action against the Defendant in the

Circuit Court of Raleigh County, West Virginia.  The state court case is styled: *Gary and Anna*

*Richmond v. Merrick Bank Corporation*, as case number 11-C-994-B (the "state court action").

This Notice of Removal is timely filed.  Defendant was served with the Complaint and the

corresponding summons on 27 December 2011.  The removal of this action to this Court is timely

because this Notice of Removal is filed within 30 days after 27 December 2011.  A copy of all

pleadings filed in the state court action and a certified copy of the docket sheet in the state court

action are attached as Exhibit A.

The Plaintiffs are residents of West Virginia.  (Compl. ¶ 1.)  Defendant is a national bank with its main office in Utah.  (Compl. ¶ 3.)  For purposes of diversity of citizenship, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797, 803 (2006).  Accordingly, Defendant is a citizen of Utah for the purposes of diversity of citizenship.

The Plaintiffs' Complaint alleges violations of the Telephone Consumer Protection Act (47 U.S.C.§227), violations of the West Virginia Consumer Credit and Protection Act (W. Va. Code §46A-2-125 and 128), and violations of West Virginia Code §61-3C-14a.

There are no other Defendants to this action; accordingly, consent to removal is not required by any other party.

## II.  FEDERAL QUESTION JURISDICTION

The Defendant removes this action based, in part, on the existence of federal question jurisdiction.  Until January 2012, the Unites States Court of Appeals for the Fourth Circuit held that the TCPA granted state exclusive jurisdiction over private actions brought pursuant to the TCPA. *See International Science & Technology Inst. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997).

Prior to this month, the federal appellate courts were split with regard to the issue whether private TCPA suits could be removed from state court to federal court via federal question jurisdiction.  On 18 January 2012, however, the Supreme Court of the United States explictly held that private suits brought pursuant to the TCPA may be removed to federal court.  *Mims v. Arrow Fin. Services, LLC*, No. 10-1195, 565 U.S. ___ (January 18, 2012).

In *Mims*, the plaintiff alleged that Arrow Financial Services violated the TCPA while conducting debt-collection activities by telephone. *Id.* at *2. The plaintiff filed the suit in federal district court, invoking federal question jurisdiction pursuant to 28 U.S.C. §1331. *Id.* Arrow Financial Services moved to dismiss for lack of subject-matter jurisdiction. *Id.* The district court and the United States Court of Appeals for the Eleventh Circuit agreed and dismissed the suit.

On appeal, the Supreme Court of the United States started its analysis with Justice Holmes's classic statement in *American Well Works Co. v. Bowler Co.* that a "suit arises under the law that creates the cause of action." *Id.* at *8. Because there was no doubt Mims' lawsuit was created by the TCPA, the only remaining question was whether something in the TCPA divests the federal courts of the jurisdiction they otherwise would have under Section 1331 (which grants jurisdiction over all suits "arising under" federal law).

The Court gave short shrift to the argument that the explicit grant of jurisdiction to state courts also implicitly divested federal jurisdiction. The Court held that "Section 1331 ... is not swept away so easily." *Id.* at *9. The Court held that nothing in the affirmative language of the TCPA "purports to oust federal courts" of jurisdiction. *Id.* at *11. Justice Ginsburg noted that other sections of the TCPA explicitly oust state courts of jurisdiction (referring to provisions under which actions brought by states must be brought exclusively in federal courts). *Id.* at *13.

In this case, the Defendant removes the Plaintiffs' Complaint on the basis that this Court has federal question jurisdiction over their claims. One of the category of cases over which the District Courts have original jurisdiction are cases that involve a "federal question," those cases "founded on a claim arising under the constitution, treaties, or laws of the United States." 28 U.S.C. § 1331. As discussed above, the Plaintiffs' Complaint states a claim pursuant to the TCPA. Pursuant to

3

*Mims*, such claims are now clearly subject to removal pursuant to federal question jurisdiction. Accordingly, removal of this suit is proper.

## II.  DIVERSITY JURISDICTION

The Plaintiff prays for an unspecified amount of actual, statutory, and punitive damages in addition to attorneys' fees and costs.  (Compl. Prayer.)  To remove "a case from state court in which the damages sought are unspecified, [a defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 2d 932, 935 (S.D.W.V 1996).

"[I]t is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (citing *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)); *Patton v. Fifth Third Bank*, 2006 WL 771924, * (S.D.W. Va. 2006) (stating that the "amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his cases as it stands at the time of removal" and that in "calculating that amount, the court may consider the 'entire record before it and make an independent evaluation' of whether the amount in controversy is satisfied"); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S.D.W. Va. 2005) (stating that "the amount in controversy, if not specified in the complaint, must be determined on the likely monetary relief that may be granted to the plaintiffs if they succeed on all of their claims asserted in good faith.").

Pursuant to the rulings set forth in the above case decisions, the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs.

The amount in controversy threshold is met in this civil action because the potential amount

4

of actual damages combined with punitive damages, statutory damages, and attorneys' fees exceeds the minimum amount required for removal based on 28 U.S.C. § 1332.  Although it appears Plaintiff filed a Stipulation as to the amount of recovery, the Stipulation is insufficient to limit the amount in controversy such that the Court would be divested of jurisdiction.  When a Plaintiff files a stipulation with the intent to defeat federal jurisdiction, "the better rule requires a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery.  The stipulation should be filed contemporaneously with the complaint, *which also should contain the sum-certain prayer for relief*."  *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (citations omitted) (emphasis added).  A "formal" stipulation is one that is both signed and notarized. *Hamilton, Burgess, Young & Pollard v. Markel Am. Ins. Co.*, 2006 WL 218200, at *2 (S.D.W. Va. Jan. 25, 2006).  When a stipulation is deficient or improper, "the possibility exists that these stipulations could prove non-binding on the plaintiff." *Asbury-Casto v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 733 (N.D.W. Va. 2005) (finding that a pre-removal stipulation signed only be counsel was "not effective to prevent jurisdiction".)  In this case, the Complaint contains no sum certain prayer for relief. Therefore, it is insufficient and inadequate; removal based upon diversity jurisdiction is therefore appropriate.

The Complaint is based on a number of alleged violations of the Telephone Consumer Protection Act (TCPA) and the West Virginia Consumer Credit and Protection Act (WVCCPA). Specifically, Plaintiff alleges that the Defendant engaged in debt collection activities by telephone. (Compl., generally.)  Plaintiff alleges that these communications, among other things, violate the TCPA and the WVCCPA, and seeks to recover actual damages, statutory damages, punitive damages, attorney's fees and costs.

5

The WVCCPA permits recovery of a statutory penalty of $100 to $1,000.  W.Va. Code § 46A-5-101(4).  This amount may be increased to account for inflation "in an amount equal to the Consumer Price Index (CPI)" based on the time period of September 1, 1974, and "the last consumer price index for all consumers published by the United States Department of Labor."  W. Va. Code § 46A-5-106.

The CPI for September 1974 was 50.6.  (U.S. Dept. of Labor Consumer Price Index, ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt, last visited July 14, 2011.)  The CPI for May 2011, the last month published, was 225.964.  Id.  Adjusting the maximum violation of $1,000, for inflation based on the Department of Labor's Consumer Price Index, the current maximum penalty for a violation is approximately $4,465.69 (225.964/50.6*1000).

Among other things, Plaintiff alleges that Defendant placed approximately 194 telephone calls to the Plaintiff's residence, cellular telephone, and workplace, in violation of the WVCCPA. (Compl. ¶ 7.)  Given the adjusted statutory maximum penalty multiplied by the 194 alleged telephone call violations, these statutory penalties requested by Plaintiff alone are, more likely than not, enough to satisfy the $75,000 threshold for removal.  Based on this information alone, a preponderance of the evidence suggests that the amount in controversy exceeds $75,000.

Further, Plaintiff also seeks actual and punitive damages, and attorneys' fees and costs in an unspecified amount. (Compl. Prayer.)  Punitive damages have long been included in determining whether the amount in controversy requirement has been met.  *See Ashworth v. Albers Med, Inc.*, 395 F. Supp. 2d 395, 413 (S.D.W.V. 2005) ("In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy.").  As a general rule, attorneys' fees do not constitute a part of the amount of controversy because, under

6

the "American Rule," a successful party does not typically collect attorneys' fees as part of the judgment. *Missouri State Life Ins. Co. v. Jones*, 290, U.S. 199, 202 (1933). However, attorneys' fees are to be included in calculating the amount in controversy if they are specifically made available by contract or statute. *See Patton v. Fifth Third Bank*, 2006 WL 771924, at *3 (S.D.W. Va. March 24, 2006). Here, § 46A-5-104 of the WVCCPA makes attorneys' fees available. As a result, they must be considered in determining the amount in controversy. *See Patton*, 2006 WL 771924 at *3. Accordingly, although the amount of actual damages, attorneys' fees, costs, and punitive damages are unknown, any amount of additional damages that Plaintiff potentially can recover would be added to the statutory penalties and would cause the amount in controversy to further exceed the statutory minimum required for removal.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . " 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1441(b), "[a]ny other such actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Specifically, this Court has original jurisdiction of this action because Defendant is not a citizen of West Virginia and the amount in controversy exceeds $75,000.00.

Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28

7

U.S.C. § 1441(a).

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441.  Defendant seeks to remove this case to the Southern District of West Virginia.  The Circuit Court of Raleigh County, West Virginia is located within this District and cases arising in Raleigh County, West Virginia are properly assigned to the Southern District of this Court.  See 28 U.S.C. § 100(1).

Merrick Bank is the only defendant in this case.  Therefore, no other parties need to consent to this removal.  Merrick Bank demonstrates its consent to this removal by the signature of counsel set forth below.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A.

Written notice of the filing of this Notice of Removal will be served upon the Plaintiff.

In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed concurrently with the Clerk of the Circuit Court for Raleigh County, West Virginia and served upon all parties of record.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.  *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## IV.  CONCLUSION

Accordingly, Merrick Bank respectfully requests the above-captioned action now pending in the Circuit Court for Raleigh County, West Virginia, be removed to the United States District

Court for the Southern District of West Virginia, and that said United States District Court assume

jurisdiction of this action and enter such other and further orders as may be necessary to accomplish

the requested removal and promote the ends of justice.

**DEFENDANT**
**By Counsel**

/s/ Jason Wandling
Christopher J. Sears (WVSB 8095)
Jason Wandling (WVSB 9259)
Counsel for Defendant
Shuman, McCuskey & Slicer PLLC
P.O. Box 3953
Charleston, WV 25339-3153
Phone: 304-345-1400
Fax:    304-343-1826
Email:  csears@shumanlaw.com
        jwandling@shumanlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY**

**GARY RICHMOND and**
**ANNA RICHMOND,**

      **Plaintiffs,**

**v.**

                                         **CASE NO.**
                                         **(Removed from the Circuit Court**
**MERRICK BANK CORPORATION,**                **of Raleigh County, Case No.**
                                         **11-C-994-B)**

      **Defendant.**

**CERTIFICATE OF SERVICE**

      I certify that on 26 January 2012, I electronically filed the foregoing Notice of Removal with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following CM/ECF participant: Paul W. Roop, II.

                                                /s/ Jason Wandling