EXHIBIT A

```
304+255+9353        RAL CO CIRCUIT CLERK              12:42:13 p.m.   01-25-2012        3/3
CASE 11-C-994              RALEIGH                      PAGE 0001


GARY RICHMOND               vs. MERRICK BANK CORPORATION


LINE   DATE   ACTION

    1 11/10/11  CASE FILED-ISSUED SUMMONS AND COMPLAINT, RETURNED TO ATTY RUNNER
    2           FOR SERVICE. MBS  (BLS)
    3 01/04/12  RETURN OF SERVICE FROM SEC OF STATES ACCCEPTED FOR SERVICE OF
    4           PROCESS          PC       (CC)
    5 01/19/12  CERT. OF SERVICE OF PLTF'S FIRST SET OF INTERROGATORIES, REQUEST
    6           FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSION TO DEFT.
    7           ON BEHALF OF MERRICK BANK CORP. BG      (CC)
```

STATE OF WEST VIRGINIA

COUNTY OF RALEIGH SS:

    I, PAUL H. FLANAGAN, Clerk of the Circuit Court of Raleigh County do hereby   certify that the foregoing is a true and correct copy from the records of my office as the same exists therein.

    IN TESTIMONY WHEREOF, I hereunto place my hand and affix the official seal of this Court, at Beckley this the ___25___ day of _January_. 20 _12_.

_Paul H Flanagan_

Clerk

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305




9171 9237 9000 1000 5743 60



RECEIVED

JAN -3 2012

MERRICK BANK



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 326815 |
| Defendant: | Merrick Bank Corporation |
| County: | 41 |
| | 12/27/2011 |
| Civil Action: | 11-C-994-B |

Merrick Bank Corporation
c/o Brian W. Jones
Suite 200
10705 S. Jordan Gateway
South Jordan UT  84095

I am enclosing:

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| _____ | summons | _____ | affidavit | __1__ | summons and complaint |
| _____ | notice | _____ | answer | _____ | summons and verified complaint |
| _____ | order | _____ | cross-claim | _____ | summons and amended complaint |
| _____ | petition | _____ | counterclaim | _____ | 3rd party summons and complaint |
| _____ | motion | _____ | request | _____ | notice of materialmans lien |
| _____ | suggestions | _____ | notice to redeem | _____ | notice of mechanic's lien |
| __1__ | interrogatories | __1__ | request for production | _____ | re-issue summons and complaint |
| _____ | discovery | __1__ | request for admissions | _____ | subpoena duces tecum |
| _____ | suggestee execution | _____ | notice of uim claim | _____ | Other |
| _____ | subpoena | _____ | writ | | |
| __1__ | stipulation | _____ | writ of mandamus | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have
accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact.   Please address any questions about this document directly
to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

*Sincerely,*

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

SUMMONS

CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**GARY RICHMOND**
**and ANNA RICHMOND**

    Plaintiffs,

**vs.**                                                    CIVIL ACTION NO. 11-C- *994-B*

**MERRICK BANK CORPORATION**
**a Utah corporation,**

    Defendant.

**To the above-named Defendant:**    **MERRICK BANK CORPORATION**
    c/o Brian W. Jones
    10705 South Jordan Gateway, Suite 200
    South Jordan, Utah, 84095

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and

required to serve upon **Paul W. Roop, II, Attorney-at-Law**, plaintiff's attorney, whose address

is **P.O. Box 1145, Beckley, West Virginia 25802**, an answer, including any related counterclaim

you may have, to the complaint if filed against you in the above styled civil action, a true copy of

which is herewith delivered to you.  You are required to serve your answer within   30   days

after service of this summons upon you,  exclusive of the day of service.  If you fail to do so,

judgment by default will be taken against you for the relief demanded in the complaint and you

will be thereafter barred from asserting in another action any claim you may have which must be

asserted by counterclaim in the above-styled civil action.

Dated:   _11-10-11_

                                             _Paul H. Flanagan_
                                             Clerk of Court

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA RECEIVED AND FILED

2011 NOV 10   AM 11: 30

GARY RICHMOND
and ANNA RICHMOND,

        Plaintiffs,

                                                CIRCUIT CLERK

vs.                                    CIVIL ACTION NO. 11-C-994-B

MERRICK BANK CORPORATION
a Utah corporation,

        Defendant,                 **COMPLAINT**

1.    The Plaintiffs, Gary Richmond and Anna Richmond, are residents of Raleigh County, West Virginia.

2.    The Plaintiffs, Gary Richmond and Anna Richmond, are people who fall under the protection of the *Telephone Consumer Protection Act, 47 U.S.C. §227* [hereinafter "*TCPA*"].

3.    The Defendant, Merrick Bank Corporation [hereinafter, "Merrick"] is a Utah corporation with its principal place of business at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095. The said Defendant does business in Raleigh County, West Virginia and may be served by the West Virginia Secretary of State through its registered agent, Brian W. Jones, by delivering a copy of the process herein to the said agent at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095. The said Defendant is a debt collector as defined by the *West Virginia Consumer Credit and Protection Act* and does business in Raleigh County, West Virginia by doing debt collection activity in said County and State.

4.    The calls described below which were placed by the Defendant were placed utilizing an "automatic telephone dialing system" or "artificial or prerecorded voice" as those terms are used in 47 U.S.C. §227.

5.    The Defendant maintains records of each call placed to the Plaintiffs regarding her account by date, time called, duration of call, the identity of Defendant's employee or representative and notes or codes placed upon such record by the Defendant's employee or representative.

6.    The Defendant called Plaintiffs repeatedly using an automatic telephone dialing system or an artificial or prerecorded voice beginning, at least, on June 30, 2010 at which time the Plaintiff expressly revoked any permission which Defendant might have had to place any calls to the Plaintiff's cellular telephone.

7.    From June 30, 2011 through July 21, 2011, the Defendant knowingly placed not less than fifty (50) calls to the Plaintiffs' cellular telephone utilizing an automatic telephone dialing system or artificial or prerecorded voice without the express consent of the Plaintiffs.

8.   In addition to the not less than fifty (50) calls placed by Defendant using an automatic telephone dialing system or artificial or prerecorded voice, as described in the preceding paragraph, the Defendant placed other calls to the Plaintiffs after the latter date set forth in the preceding paragraph through the date of filing the herein complaint by use of an automatic telephone dialing system or artificial or prerecorded voice.

9.   At no time did the Plaintiffs expressly authorize the Defendant to make calls to the Plaintiffs using an automatic telephone dialing system or artificial or prerecorded voice.

10.  Based upon information and belief, the Defendant was aware that the initiation of calls to a cellular phone such as that of the Plaintiffs are likely to cause the recipient to incur charges.

11.  Based upon information and belief, the Defendant placed calls to the Plaintiffs with the intent to annoy, harass and threaten the Plaintiffs.

12.  As a result of the foregoing actions, the Plaintiffs have been annoyed, aggravated, harangued, and otherwise damaged.

## COUNT ONE
### {Strict Liability for Violation of *TCPA*}

13.  The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

14.  The Defendant has violated the *TCPA* by placing calls to the Plaintiffs on Plaintiffs' cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiffs.

15.  Alternatively, Defendant has violated the *TCPA* by placing calls to the Plaintiffs on Plaintiffs' cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice after the Plaintiffs revoked any permission of the Defendant to place such calls.

16.  The foregoing violations of the TCPA were committed willfully or knowingly by the Defendant or its agents.

## COUNT TWO
### {Violation of West Virginia Consumer Credit and Protection Act}

17.  The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

18.  The Defendants have engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act* [hereinafter, "WVCCPA"], including but not limited to:

a.   Engaging in unreasonable or oppressive or abusive conduct towards the Plaintiffs in connection with the attempt to collect a debt by placing telephone calls to the Plaintiffs in violation of *West Virginia Code* §46A-2-125;

b.   Causing the Plaintiffs' phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* §46A-2-125(d);

c.     Using generally unfair or unconscionable means to collect a debt from Plaintiffs in violation of *West Virginia Code* §46A-2-128 by placing calls to the Plaintiffs on Plaintiff's cellular or residential telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiffs or after such permission was revoked in violation of the *TCPA;* and

d.     Violating W.Va. Code §46A-2-125 by using a computer, with the intent to harass or abuse the Plaintiffs, to make contact with the Plaintiffs after being requested by the Plaintiffs to desist in violation of W.Va. Code §61-3C-14a.

### COUNT THREE
### *{Violation of West Virginia Code §61-3C-14a}*

19.    The Plaintiffs incorporate Paragraphs 1 through 18 as stated above.

20.    The Defendant, in violation of *West Virginia Code §61-3C-14a,* made repeated telephone calls to or contacts with Plaintiffs by using a computer, with the intent to harass or abuse the Plaintiffs, after being requested by the Plaintiffs to desist.

21.    Pursuant to *West Virginia Code §55-7-9,* any person injured by the violation of a statute may recover from the offender such damages as may be sustained by reason of the violation.

22.    The violation of the aforesaid statute caused injury to the Plaintiffs, including annoyances, inconvenience, aggravation and emotional distress.

23.    The Defendant's violation of the aforesaid statute was intentional and malicious.

**WHEREFORE,** subject to the attached Stipulation wherein Plaintiff and Plaintiff's counsel stipulate that Plaintiffs shall neither seek nor accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs the Plaintiff demands judgment against the Defendant for actual damages, statutory damages on Counts I and II pursuant to both the TCPA and the WVCCPA, as permitted, and actual damages, and punitive damages on Count III, as well as reasonable attorney's fees, costs and for such other and further relief as this Court may deem appropriate.

**PLAINTIFFS DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                                    **GARY RICHMOND**
                                                    **and ANNA RICHMOND**
                                                    By Counsel

Paul W. Roop, II
**ROOP LAW OFFICE, LC**
P.O. Box 1145
Beckley, WV 25801
WV State Bar # 5406
(304) 255-7667

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**GARY RICHMOND**
**and ANNA RICHMOND**

      Plaintiffs,

**vs.**                               **CIVIL ACTION NO. 11-C-**

**MERRICK BANK CORPORATION**
**a Utah corporation,**

      Defendant.

## STIPULATION OF PLAINTIFFS AND ATTORNEY FOR PLAINTIFFS

    Plaintiffs and attorney for Plaintiffs agree to be bound by the following stipulation: The Plaintiffs shall neither seek nor accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs.

                                     **GARY RICHMOND**

                                     **ANNA RICHMOND**

                                   **PAUL W. ROOP, II (WVSB No. 5406)**
                                   **ROOP LAW OFFICE, L.C.**

STATE OF WEST VIRGINIA
COUNTY OF RALEIGH, TO-WIT:

    The foregoing instrument was acknowledged before the undersigned authority by Carter & Sharon Stump on this the ⟨9th⟩ day of August, 2011.

                                   NOTARY PUBLIC

My Commission Expires:  2\10\15

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MELISSA A. LIGHT
109 E. MAIN STREET
BECKLEY, WV 25801
My commission expires February 10, 2015

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**GARY RICHMOND**
**and ANNA RICHMOND**

      Plaintiffs,

**vs.**                            **CIVIL ACTION NO. 11-C-994-B**

**MERRICK BANK CORPORATION**
**a Utah corporation,**

      Defendant.

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**NOTE: If the Defendant believes it needs a Protective Order before fully responding to this discovery, please provide A proposed Protective Order at a time sufficient for such Order to be entered before the responses to this discovery are due.**

Pursuant to Rules 33 and 34 of the West Virginia Rules of Civil Procedure, Plaintiffs request that the Defendant answer the attached interrogatories and requests for production of documents separately and fully in writing and under oath within thirty (30) days thereof.  Said discovery is continuing in nature up to the time of trial and is required to be supplemented from time to time if answers become different, more complete, or as additional information becomes known to the Defendant.

<u>Definitions and Instructions</u>

For purposes of these Interrogatories, the following terms shall have the meanings described:

- "Communication" or "communications" refers to any effort to contact the Plaintiffs whether successful or not, written or verbal.
- "Debt" or "the debt" refers to the indebtedness which you claim is owed by the Plaintiffs to you or your.
- "Document" means any and all information in tangible form (including originals and all non-identical copies of originals, mechanical and electronic recordings, tapes, transcripts, information stored in computers or other data storage or processing equipment which has been translated into usable form, compact disks, dvds or other digital storage means) in your possession, custody or control regardless of where located and shall include, without limiting the generality of the foregoing, letters, telegrams, cables, telexes, teletypes, correspondence,

contracts, drafts, agreements, notes, notes to file, reports,  memorandum plans, flow sheets, calendar or diary entries, memoranda or notes of conversation, meetings or conferences, studies, reports, inter-office and intra-office communications, listings,  price lists, quotations, offers, inquiries, bulletins, circulars, statements, summaries minutes of stockholders and directors meetings, minutes of meetings of committee of boards of directors, minutes of memoranda of all other meetings, agenda, charts, graphs, propositions, offers, articles, announcements, newspaper clippings, books, records, account books, ledgers, orders, opinions, prospectuses, analyses, and statistical data.

- "Identify" or "identity" means give name, current address, current employer and current telephone number with respect to a person, defined above. With respect to a thing, "identity" or "identify" means describe with particularity and, if a document, include its date, author, present location and custodian, and a general description of its contents.

- "Person" shall include individuals, agents, corporations, partnerships, governmental agencies, firms, proprietorships, joint ventures, joint stock associations, businesses and trusts.

### Interrogatories

1.   State the name, business address, and job title or capacity of the officer, employee, or agent answering or providing any information used to answer each interrogatory.

   **ANSWER:**


2.   Identify all witnesses you intend to call at trial, and, with respect to each such witness, state the witnesses' name, home address, business address, telephone number, and a summary of his or her anticipated testimony.

   **ANSWER:**



3.   Identify the person or persons who has or have custody of records of the following:
   a.   Applications for credit and credit agreements entered into by Debtors such as the Plaintiffs herein.
   b.   Records of collection efforts made pertaining to the Plaintiffs herein.
   c.   Logs of attempts to contact the Plaintiffs by telephone.
   **ANSWER:**

4.  Identify all internal correspondence, memoranda, emails or other communications with respect to the Plaintiffs and Plaintiffs' account.
    **ANSWER:**


5.  Identify all recordings of conversations in your possession between you (or your agents) and the Plaintiffs or any other person regarding Plaintiff's account.

    **ANSWER:**


6.  Identify all persons who have directed communications to the Plaintiffs, the date of such communications, the type of communication, and the purpose of such communication.

    **ANSWER:**


7.  With respect to any logs or diaries of debtor contact or attempted debtor contacts which you or your agents maintain, explain all abbreviations, symbols or other designations found therein.

    **ANSWER:**


8.  To the extent that you maintain an insurance policy which might provide coverage for violations of the Fair Debt Collection Practices Act, the West Virginia Consumer Credit and Protection Act, the Telephone Consumer Protection Act, or any other torts alleged in the Complaint herein, please identify such policy and its coverage limits. In lieu of stating the foregoing information, you may comply with this request by producing a copy of all declaration pages for policies described herein.

    **ANSWER:**


9.  Identify all training you provided to those persons who have initiated communications to the Plaintiffs, which training was designed to assist in compliance specifically with the Telephone Consumer Protection Act and the West Virginia Consumer Credit and Protection Act. With respect to each instance of training identified, provide the date(s) of such training, and identify all documents utilized in such training.

**ANSWER:**

10. If you use an automatic telephone dialing system for initiating contact with debtors, please identify:
    a.   The product name of such system;
    b.   The name and address of the manufacturer or developer or such system; and
    c.   The documents, compact disks, dvds and other materials provided by the manufacturer or developer to assist you in the proper use of such system.
    d.   All artificial or pre-recorded voice messages utilized by such system with respect to the Plaintiff.
    e.   All telephone numbers dialed by such system with regard to your efforts to collect from the Plaintiff.
    f.   Any document or other evidence indicating that the Plaintiff gave express consent for you to utilize an automatic dialing system to contact Plaintiff.

**ANSWER:**

11. To the extent not answered in the foregoing interrogatory, if you utilize artificial or pre-recorded voice messages directed by telephone to the Plaintiffs, identify all such messages, and, in addition, identify all documents or other evidence indicating that the Plaintiffs gave express consent for you to utilize such messages in communications with the Plaintiffs.

**ANSWER:**

12. Identify all pending lawsuits against you, as well as any such actions resolved since four (4) years next preceding the filing of this complaint, for violation of, first, the West Virginia Consumer Credit and Protection Act or, second, the Fair Debt Collection Practices Act, with respect to unlawful contact with debtors after notification of attorney representation as well as with respect to the placement of telephone calls with the intention of harassment or annoyance to the debtor. With respect to each such action, please state the following:

    a.   Name of the Plaintiffs;
    b.   Name, address and telephone number of the attorney for the Plaintiffs;
    c.   The court in which such action is or was pending;

      d.     The nature of the Plaintiffs' claim; and

      e.     If resolved, the amount accepted by the Plaintiffs or awarded by any Court.

**ANSWER:**

13.    Identify all pending lawsuits against you, as well as any such actions resolved since four (4) years next preceding the filing of this complaint, for violation of, first, the West Virginia Consumer Credit and Protection Act or, second, the Fair Debt Collection Practices Act, with respect to unlawful contact with debtors after notification of attorney representation as well as with respect to the placement of telephone calls with the intention of harassment or annoyance to the debtor.  With respect to each such action, please state the following:

      a.     Name of the Plaintiffs;

      b.     Name, address and telephone number of the attorney for the Plaintiffs;

      c.     The court in which such action is or was pending;

      d.     The nature of the Plaintiffs' claim; and

      e.     If resolved, the amount accepted by the Plaintiffs or awarded by any Court.

**ANSWER:**

**Requests for Production of Documents**

1.    Produce a copy of all internal correspondence, memoranda, emails or other communications with respect to the Plaintiffs and thei account.
**ANSWER:**

2.    Produce a copy of all credit applications, correspondence, memoranda, emails or other communications with respect to the Plaintiffs' account in which Plaintiffs gave express permission for the Defendant to utilize an automatic telephone dialing system or artificial or pre-recorded voice message system to contact the Plaintiffs.
**ANSWER:**

3.    Produce a copy of all recordings of conversations in your possession between you or your agents and any of the Plaintiffs.
**ANSWER:**

4.      Produce a copy of all logs, diaries or other records of communications or attempted
        communications with the Plaintiffs.
        **ANSWER:**

5.      Produce a copy of all materials used to train your employees and agents in regard to their
        obligations under the Telephone Consumer Protection Act and the West Virginia Consumer
        Credit and Protection Act pertaining to communications with persons such as the Plaintiffs.
        **ANSWER:**

6.      To the extent not produced in response to the foregoing Request, produce a copy of all
        materials used to train your employees and agents in regard to communications with persons
        such as the Plaintiffs.
        **ANSWER:**

7.      Produce a copy of all training material and manuals pertaining to the use of any automatic
        telephone dialing system which you use to initiate communications with debtors and, with
        respect to each such automated telephone dialing system, produce a copy of any artificial or
        pre-recorded voice message played by such system in calls directed to the Plaintiffs.
        **ANSWER:**

8.      To the extent not produced in response to the foregoing Requests, produce all documents
        identified in response to the above Interrogatories.
        **ANSWER:**

### Requests for Admission

        Note:  For the purposes of the following Requests, "relevant period" means that period of
time beginning on the date set forth in Request Number 5, below, and continuing through the date
of the institution of the herein civil action.

1.      Plaintiffs, Gary Richmond and Anna Richmond are both a "consumer" as defined by
        West Virginia Code §46A-2-122(a).
        **ANSWER:**

2.      The "debt" allegedly due the Defendant is a "claim" as defined by West Virginia Code
        §46A-2-122(b).

**ANSWER:**


3.    Defendant is a "debt collector" as defined by West Virginia Code §46A-2-122(d).

      **ANSWER:**

4.    On June 30, 2011, an agent of Defendant placed a telephone call to the telephone number
      304-222-1641.
      **ANSWER:**


5.    Not later than June 30, 2011, the Defendant was aware or was made aware that the
      telephone numbers 304-222-1641 and 304-222-5916  rang in to the Plaintiffs' cellular
      telephones.
      **ANSWER:**


6.    During the same call referenced in the preceding request, the Plaintiffs spoke with the
      Defendant's representative and advised the representative that Defendant no longer had
      permission to call Plaintiffs' cellular phone.
      **ANSWER:**


7.    During the "relevant period," as defined above, the Defendant placed not less than fifty
      (50) calls to 304-222-1641 and 304-222-5916
      **ANSWER:**

8.    All calls placed to the Plaintiffs during the "relevant period" at the telephone numbers
      304-222-1641 and 304-222-5916 were placed by means of an "automatic telephone
      dialing system"  or by use of "artificial or prerecorded voice" as those phrases are used in
      the Telephone Consumer Protection Act, 47 USC §227.
      **ANSWER:**

9.    Each call placed by the Defendant or its agents to 304-222-1641 and 304-222-5916
      during the "relevant period" was placed intentionally by Defendant.

**ANSWER:**


10.    Defendant possessed the ability, either by computerized system or otherwise, to determine
       whether the Plaintiff's telephone was a cellular phone prior to being advised of such by
       Plaintiffs.
       **ANSWER:**


                                                    **GARY RICHMOND**
                                                    **and ANNA RICHMOND**
                                                    By Counsel

**PAUL W. ROOP, II**
Roop Law Office,  L.C.
PO Box 11145
Beckley, WV 25802
WV State Bar #5406
Tel. (304)255-7667
Fax (304)256-2295
info@rooplawoffice.com

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**GARY RICHMOND**
**and ANNA RICHMOND**

       Plaintiffs,

**vs.**                               **CIVIL ACTION NO. 11-C-994-B**

**MERRICK BANK CORPORATION**
**a Utah corporation,**

       Defendant.

## CERTIFICATE OF SERVICE

    I, Paul W. Roop, II, counsel for the Plaintiffs, do hereby certify that I have served the foregoing **"PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANT"** by first class United States Mail this 22nd day of December, 2011 to the following:

**MERRICK BANK CORPORATION**
c/o Brian W. Jones
10705 South Jordan Gateway, Suite 200
South Jordan, Utah, 84095

                                              **GARY RICHMOND**
                                              **and ANNA RICHMOND**
                                                By Counsel

**PAUL W. ROOP, II**
Roop Law Office, L.C.
PO Box 11145
Beckley, WV 25802
WV State Bar #5406
Tel. (304)255-7667
Fax (304)256-2295
info@rooplawoffice.com